JOSEPH H. BEARNS, AS GUARDIAN OF ALEXANDER M. FISHER, A MINOR, Respondent, *against* DAVID H. GOULD, Appellant.

(Decided June 3d, 1878.)

In pleading an order or decree of the surrogate of the city and county of New York, it is not necessary, since the act of 1870 (L. 1870, c. 359), to state the facts showing the surrogate's jurisdiction to make such order or decree, or to allege that it was duly made.

The statute in regard to the surrogate of the city and county of New York (L. 1870, c. 359, § 1), in regard to the taking of objections for want of jurisdiction to the orders and decrees of that surrogate, construed and applied.

The complaint alleged that the surrogate of the city and county of New York had ordered plaintiff to prosecute a guardian's bond, and that the bond had been by the order assigned to the plaintiff for that purpose : *held*, upon demurrer to the complaint by the defendant, a surety ; that the complaint in that regard stated facts sufficient to constitute a cause of action, since the court would assume that the surrogate had jurisdiction to make the order.

The guardian to whom the bond of a previous guardian has been assigned by order of the surrogate, for the purpose of bringing action against a surety, is the proper plaintiff in such action. In such a case the provisions of 2 R. S. 152, § 9, requiring certain actions to be in the name of the ward by the guardian do not apply.

APPEAL from a judgment for plaintiff, entered upon an order at special term overruling a demurrer to the complaint.

Two of the grounds assigned for the demurrer were that there was a defect of parties-plaintiff, in that it appeared from the complaint " that the said Alexander M. Fisher should be the plaintiff," and that the complaint did not state facts sufficient to constitute a cause of action.

The complaint alleged facts showing that the defendant was surety on the bond of one Dexter B. Britton, the former guardian of Fisher ; an accounting by Britton ; his removal by the surrogate ; the appointment of Bearns as guardian ; an order by the surrogate that Britton pay over to Bearns a balance of the ward's money, or that in default Bearns pros-

ecute and enforce the bond and the assignment to Bearns of the bond for that purpose.

*S. S. Rowland*, for appellant.

*C. W. Bangs*, for respondent.

CHARLES P. DALY, Chief Justice.—The objection that the complaint does not state facts sufficient to show that the surrogate had jurisdiction to make the order requiring the guardian Britton to pay over the amount with which he was charged upon the accounting, and to remove Britton as guardian of the estate, would have been a good one but for the act of 1870, which provides that the objection of want of jurisdiction to the surrogate's orders and decrees shall not be taken, except by appeal, in the manner prescribed by statute, or in a proceeding before the surrogate to set aside, open, vacate or modify them ; the same power to vacate or modify the decrees or orders of his court being given by this statute to the surrogate as is exercised by courts of record of general jurisdiction. (Laws of 1870, chap. 359, vol. 1, p. 826, § 1.) This provision is not, as the appellant has argued, limited to cases where the objection to the jurisdiction is made in proceedings in the surrogate's court. It is general in its character, and applies to any case in which an objection to the jurisdiction of the surrogate to make an order or decree is raised collaterally in any suit or proceeding. There is nothing in the provision itself to indicate that any such limitation was meant. What is plainly meant, is that the same rule is to be applied to the orders and decrees of the surrogate that is applied to orders and decrees made in courts of record of this State.

We must, in this suit, assume that the surrogate had jurisdiction to make the order which he did. It is averred that he made an order that Britton should pay over to the plaintiff the moneys received by him as guardian ; that upon his default in so doing the plaintiff was authorized to prosecute the bond, and that the bond was assigned to him for that purpose, that is, as I understand the averment, the bond

was assigned to him by the order which the surrogate made. This was, in the language of the act of 1839 (Laws of 1839, p. 635, § 65), assigning the bond to the person in whose favor the decree was made for the payment of the money, for the purpose of being prosecuted. It could not be so assigned under that act unless an execution had been issued and returned unsatisfied. But this is not a matter which can be enquired about in this suit collaterally. It was not necessary, therefore, to aver it, as we must assume, under the act of 1870, that the surrogate had jurisdiction to make the order, and if he acted without jurisdiction, the only remedy was to appeal from it, or to apply to him to vacate it; which might be done by any party who was affected by it, in a summary application by petition, motion, or otherwise, to the surrogate, upon due notice to the person for whose benefit the order was obtained.

The bond having been assigned to the plaintiff he was entitled to bring an action upon it in his official character as a guardian, and it is in that character that he has brought the suit. The averment in the complaint is, " Joseph H. Bearns, as guardian of the estate of Alexander M. Fisher, a minor, by C. W. Bangs, his attorney, brings this suit against David H. Gould, defendant." But for the assignment of the bond to the plaintiff by this order, the suit, by the Revised Statutes (2 R. S. 152, § 9), would have to have been brought in the name of the ward by the guardian, the ward in that case being the party, and the guardian simply a person appointed by the court to look after the interests of the ward and manage the suit for him. (*Sinclair* v. *Sinclair*, 13 Mees. & Welsby, 645, 646.) But the bond, by the order of the court, having been assigned to the plaintiff, the suit was properly brought by him in his official character, the provision in the Revised Statutes not applying in such a case.

The judgment will therefore have to be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.*

* The judgment here was affirmed by the Court of Appeals June 3d, 1879.